**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4746-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

M.A.C., JR.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF TYL.A.C. and TYM.A.C.,

    Minors.

_____

Submitted March 1, 2017 — Decided March 7, 2017

Before Judges Simonelli, Carroll and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0131-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Theodore J. Baker, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz,

Assistant Attorney General, of counsel; Chanel J. Van Dyke, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Toya Davis, Designated Counsel, on the brief).

PER CURIAM

Defendant M.A.C., Jr., the biological father of TYL.A.C., born in 2013, and TYM.A.C., born in 2014, appeals from the June 22, 2016 Family Part judgment for guardianship, which terminated his parental rights to the children.[1] On appeal, defendant challenges the trial judge's finding that respondent New Jersey Division of Child Protection and Permanency (Division) proved prong three of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. Defendant argues that: (1) the Division did not make reasonable efforts to provide tailored services given his intellectual deficits and mental health condition, or accomplish reunification with him; and (2) the judge committed reversible error in rejecting his adoptive godmother, K.L., and uncle, C.W., as alternatives to termination. We affirm.

We will not recite in detail the history of the Division's involvement with the family. Instead, we incorporate by reference

---

[1] The judgment also terminated the parental rights of the children's biological mother, defendant T.J.C., who executed an identified surrender to the foster parent who wants to adopt the children. T.J.C. does not appeal.

the factual findings set forth in Judge Linda Lordi Cavanaugh's comprehensive and well-reasoned June 15, 2016 written opinion. However, we add the following comments.

Defendant has a history of drug use, lack of employment, lack of stable housing, intermittent incarcerations, and schizophrenia, for which he unilaterally stopped taking medication. He became involved with the Division in 2013, shortly after TYL.A.C. was born. Defendant's involvement with the Division was marked by his non-compliance with the numerous services the Division offered, inconsistent visitation with the children, missing status, and failure to address the issues that led to the children's removal and continued placement in foster care. The Division's undisputed expert evidence confirmed that despite the array of services the Division provided to defendant, he was unwilling or unable to overcome or remove the harms facing the children, and was not a viable parenting option at the time of the guardianship trial or in the foreseeable future.

Defendant had offered K.L. as an alternative placement option, but the Division ruled her out twice. She was ruled out based on a home assessment and failure to take the necessary steps to enable her to be considered as a viable placement option, and later ruled out on best interests grounds based on the results of the bonding evaluations between her and the children, and between

the foster parents and the children. The undisputed expert bonding evidence confirmed that the children had no bond with K.L., whereas, they were securely attached to their foster mother and would suffer serious and enduring harm if removed from her, which K.L. could not mitigate. Defendant did not identify C.W. until December 2015, approximately six months before the guardianship trial began in June 2016, and he was unavailable to be assessed until several weeks later. The Division ruled him out on best interests grounds. Neither K.L. nor C.W. appealed the Division's determinations.

Judge Cavanaugh reviewed the evidence presented at the trial, made meticulous factual findings as to all four prongs of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship. The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is more than amply supported by the record. F.M., supra, 211 N.J. at 448-49.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-4746-15T3